# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

ESTATE OF GERALD LEE DAVIS

    Plaintiff,                                                 CASE NO:

V.

UNITED STATE OF AMERICA

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
### Introduction

1. Gerald Lee Davis, an asthmatic inmate, died while a prisoner at Coleman Federal Detention center after he was denied medical care and attention for his condition. The prison officials knew of the nature and extent of his condition but repeatedly ignored his pleas for help when he could not breathe. Several other inmates tried to get him attention for his condition but were rebuffed by the hospital staff which threatened to throw them all in solitary confinement if he was brought back to the infirmary again. Finally, near death, he was rushed to the emergency room where he died.

2. The ESTATE OF GERALD LEE DAVIS, by and through DOROTHY SIMMONS THE PERSONAL REPRESENTATIVE and the undersigned counsel and files this complaint pursuant to Federal Torts Claims Act 28 U.S.C. 1346 for

violation of his civil rights to be free from cruel and unusual punishment secured by the United States Constitution and guaranteed by the fourth, eight, and fourteenth amendments for depriving plaintiff her rights and states :

**PARTIES**

3. Dorothy Simmons is the duly appointed personal representative of the Estate of Gerald Lee Davis by the Circuit Court of Broward County, Florida. Dorothy Simmons, mother of Gerald Lee Davis, in her capacity as personal representative, brings this action on behalf of his surviving minor children.

4. At all times material hereto, Gerald Lee Davis was an inmate housed at the Coleman Correctional facility operated by the Bureau of Prisons of the United States of America.

5. The Defendant United State of America through the Department of Justice, Federal Bureau of Prisons is charged with the provision of humane and progressive care of federal inmates. BOP operates Coleman facility and is subject to federal law. Plaintiff has fully complied with federal law pursuant to the Federal Torts Claims Act, and this claim has been denied by the government.

**JURISDICTION AND VENUE**

6. Jurisdiction of this Court exists by virtue of claims under <u>BIVENS</u> 42 U.S.C. §1983 for violations of federal constitutional rights. Pursuant to 28 U.S.C. §1331 and §1334(a)(3) this Court has original jurisdiction over this

action as it presents a "federal question."

7. All conditions precedent have occurred or have been performed.

8. Plaintiff has timely presented this claim in writing to defendant, and they denied the claim within six months.

9. Venue is proper because the actions alleged herein took place in Sumpter county within this federal district jurisdiction.

10. Plaintiff's claims for relief are predicated on the Supreme Court decisions in <u>Bivens</u> and <u>Carlson</u> cases which authorizes action to redress for deprivation of the rights, privileges and immunities secured by the United States Constitution and which authorizes attorney's fees and costs to the prevailing party in actions brought pursuant to these Supreme Court decisions.

### FACTS: WHAT IS ASTHMA

11. The National Heart and Blood Institute has defined the condition of asthma as a chronic long-term lung that inflames and narrows the airways, which can be fatal. It causes recurrent periods or wheezing, chest tightness, coughing and shortness of breath. The symptoms of asthma are treated with an inhaler facilitating breathing.

### DAVIS HISTORY OF ASTHMA

12. The BOP was aware of Davis lifelong history of chronic and severe asthma

when he was placed in their custody. Defendant diagnosed his severe asthma and provided limited treatment.

13. This condition impaired Davis's major life activities including but not limited to breathing.

14. Davis was a regular visitor to the prison infirmary to get regular treatment and inhalers for his condition.

### DAVIS TRAGIC DEATH

15. On February 22, 2020 Davis died at the Leesburg Regional Medical Center from pneumonia which was secondary to asthma.

16. For days before, while at the correctional facility, Davis complained of shortness of breath and asked for treatment.

17. The medical facility failed to provide treatment, and Davis suffered in his confinement.

18. His cell mates seeing the dire situation, took Davis to the infirmary. The infirmary refused to treat him and threated to impose solitary confinement on the cellmates if they brought Davis back for care again.

19. Despite being aware of the severe asthma attack, the infirmary did not provide necessary treatment.

20. On February 18, 2020, Davis was transported to Leesburg Regional

Memorial Hospital, after having been diagnosed with pneumonia three days earlier.

21. The treating doctor noted Davis had bilateral cavitary which is a complication from severe pneumonia.

22. On February 19, 2020, Davis shortness of breath had gotten so bad Intubation was required.

23. While at the hospital a staph infection was identified and treated, however Davis died on February 22, 2020.

24. As a result of the of the defendant's deliberate indifference to the need for medical assistance and treatment, Davis died a horrific death at a very young age.

### DELIBERATE INDIFFERENCE TO DAVIS SERIOUS MEDICAL NEEDS BY DEFENDANT

25. Plaintiff realleges and repeats the paragraphs common to all counts as Fully set forth herein.

26. Plaintiff claims for relief on this court are predicated upon the supreme court decisions in <u>Bivens</u>, and <u>Carlson</u> which authorizes citizens and inmates to redress deprivations by federal officials of rights privileges and immunities secured by the Eight Amendment to the Constitution of the United States of America.

27. At all times the defendant was acting in their capacity as federal health

care providers.

28. The defendant deliberately disregarded the immediate and serious threat to Davis's well-being and health and exhibited deliberate and callous indifference to his serious medical condition, by failing to provide him with medical treatment after the need for treatment became obvious.

29. The defendant observed Davis is serious medical distress and were well aware of his chronic asthma, and intentionally failed to provide Davis with needed medical care, abandoning him as a patient.

30. Defendant knew there was a substantial risk Davis would die without the medical care he so desperately needed, and his death was very foreseeable, imminent and immediate.

31. Defendant deliberately disregarded the immediate and serious threat to Davis's health and well-being and exhibited deliberate indifference and callous indifference to his serious medical needs by refusing to timely treat him, because they did not believe his symptoms were real, in that:

   A. with full knowledge of Davis's asthma history and the fact that he was in obvious distress; and having observed; and given that his death was reasonably foreseeable, Defendant abandoned Davis as a patient; and

   B. with full knowledge of Davis's asthma history and having observed

    Davis in obvious respiratory distress, it was incumbent on Defendant to take some action to provide Davis with emergency medical care and she failed to do so; and

    C. with full knowledge of Davis's asthma history and having observed Davis in obvious respiratory distress, Defendant in failing to provide him with any medical care and threatening solitary confinement if he returned for health care was so grossly substandard, incompetent, and inadequate as to fairly be characterized as medical care so cursory as to amount to no medical care at all.

30. In light of the aforementioned, Davis suffered from both an objectively and subjectively substantial risk of serious harm while under the care and supervision of Defendant ; Defendant reacted to this risk in an objectively and subjectively unreasonable manner.

31. It is more likely than not that the failures of Defendant as alleged above were one of the causes of Davis's death.

32. As a direct and proximate result of Defendant's deliberate indifference to Davis's serious medical needs, he died on February 22, 2020.

33. Defendant acted with evil intent, malice, wantonness, and/or lucre when she was deliberately indifferent to Davis's serious medical needs.

WHEREFORE,  as a result of Defendant s violation of the Eighth Amendment to the U.S. Constitution, which caused Davis's tragic and untimely death, the Survivors of and the Estate of Gerald Lee Davis have sustained the following damages and therefore seek same from defendant United States of America:

The Estate of Gerald Lee Davis has sustained the following damages:

1. funeral and burial expenses incurred as a result of the death of Gerald Lee Davis that have become a charge against his Estate or that were paid on his behalf; and

2. loss of prospective net Estate accumulations; and

3. loss of earnings of Gerald Lee Davis from the date of his death, less loss support of his Survivor excluding contributions in kind with interest; and

4.  hedonic damages based on the decedent's loss of enjoyment of life.

In sum, Plaintiff respectfully requests that the Court award Plaintiff the aforementioned damages, any and all other compensatory and hedonic damages suffered by Plaintiff, punitive damages, Plaintiff's attorneys' fees and costs in this action and such other and further relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues that can be heard by a jury.

Dated November 4, 2022

/s/ William C. Robinson
WILLIAM C. ROBINSON, ESQ
Florida Bar No: 386847
Attorney for Plaintiff
P. O. Box 610575
North Miami, FL 33261
Tel:  305-454-9632
Fax: 754-764-2266
E-mail: robinsonwilliam8@gmail.com