UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DOROTHY SIMMONS,

        Plaintiff,

v.                                          Case No: 5:22-cv-526-PGB-PRL

RICHARD LI, M.D.,

        Defendant.
_____/

## ORDER

Dorothy Simmons, the personal representative of the estate of Gerald Lee Davis, filed an amended complaint (Doc. 13) alleging that Dr. Richard Li, a doctor at FCC Coleman, acted with deliberate indifference to Davis' serious medical needs, in violation of the Eight Amendment.[1] Dr. Li has moved to dismiss Simmons' complaint, alleging that Simmons' claims are barred and that he is entitled to qualified immunity. (Doc. 38). Simmons has filed a response to the motion to dismiss. (Doc. 39). For the reasons discussed below, Dr. Li's motion to dismiss is due to be granted.[2]

---

[1] The complaint is filed pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (authorizing suits against individual federal officials).

[2] Simmons' claims against the United States of America were voluntarily dismissed. (Docs. 29–31).

I. **Simmons' Amended Complaint**

Gerald Lee Davis was an inmate at FCC Coleman with a history of "chronic and severe asthma." (Doc. 13 ¶ 12). Beginning on an unknown date in February 2020, Davis complained of shortness of breath and requested medical treatment. (*Id.* ¶ 16). Some of his cellmates brought him to the infirmary on several occasions, but Dr. Li "refused to treat him and threatened to impose solitary confinement on the cellmates if they brought Davis back for care again." (*Id.* ¶ 18). Although Davis made multiple requests for treatment, he was not transported to a hospital immediately. (*Id.* ¶ 19). On February 18, 2020, Davis was transported to Leesburg Regional Memorial Hospital, "after having been diagnosed with pneumonia three days earlier." (*Id.* ¶ 20). While hospitalized, Davis was diagnosed with bilateral cavitary, a complication from severe pneumonia, and a staph infection. (*Id.* ¶¶ 21, 23). Davis was intubated on February 19, 2020. (*Id.* ¶ 22). Davis died at Leesburg Regional Memorial Hospital on February 22, 2020. (*Id.* ¶¶ 15, 23).

II. **Standard of Review**[3]

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[3] Dr. Li cites Rule 12(c), Fed. R. Civ. P., the standard for judgment on the pleadings, Rule 12(b)(1), Fed. R. Civ. P., the standard for lack of subject matter jurisdiction, and Rule 12(b)(6), Fed. R. Civ. P., the standard for failure to state a claim upon which relief can be granted. (Doc. 38 at 2–5). The Court addresses the motion under Rule 12(b)(6)'s standard.

678 (2009) (citation omitted). When considering a Rule 12(b)(6) motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). Moreover, the Court may dismiss a claim when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *See Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III.   Discussion

####   A.   Extension of *Bivens*

Dr. Li first argues this action falls outside the scope of *Bivens*. To determine whether a claim is actionable under *Bivens*, courts make a two-step inquiry. First, courts "ask whether the case presents a new *Bivens* context—*i.e.*, is it meaningfully different from the three cases in which the [Supreme] Court has implied a damages action." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (cleaned up). Second, if the case presents a new context, "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to

'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 136 (2017)).

In *Carlson v. Green*, 446 U.S. 14 (1980), the Supreme Court recognized a *Bivens* action for deliberate indifference to serious medical needs under the Eighth Amendment. In *Carlson*, an inmate named Joseph Jones, Jr. died in federal custody. Jones' estate alleged that certain prison officials,

> being fully apprised of the gross inadequacy of medical facilities and staff at the Federal Correction Center in Terre Haute, Ind., and of the seriousness of Jones' chronic asthmatic condition, nonetheless kept him in that facility against the advice of doctors, failed to give him competent medical attention for some eight hours after he had an asthmatic attack, administered contra-indicated drugs which made his attack more severe, attempted to use a respirator known to be inoperative which further impeded his breathing, and delayed for too long a time his transfer to an outside hospital.

*Id.* at 16 n.1.

Dr. Li states that the factual allegations here differ from *Carlson* in that Dr. Li "failed to render medical treatment because he didn't believe Mr. Davis' symptoms were real . . . but was mistaken in his assessment." (Doc. 38 at 11). Dr. Li argues that under *Egbert*, there are enough distinctions present here to put Simmons' claim in a new *Bivens* context. Some courts have found a new context where there are only some factual differences. *See Johnson v. Terry*, No. 1:18-cv-1899-AT-JSA, 2023 WL 3215538, at *7 (N.D. Ga. Jan. 30, 2023) ("Plaintiff's medical deliberate indifference claims regarding his hand, jaw, diet, and foot are

4

demonstrably different in kind and severity from *Carlson*, as some of Plaintiff's ailments were chronic, none were fatal, and Plaintiff received significant treatment for all of his complaints but he simply is unsatisfied with the adequacy thereof."). Other courts, noting that *Bivens* or *Carlson* remain good law following *Egbert*, have allowed deliberate indifference claims to proceed where the facts do not exactly match *Carlson*. *See Duncan v. United States*, No. 1:20-cv-1685-SEG, 2023 WL 2370479, at *4-6 (N.D. Ga. Feb. 27, 2023) (finding an allegation that prison officials, acting against medical orders for a prescribed diet and with deliberate indifference, depriving the prisoner of medically necessary assistance, was not extension of *Carlson*).

Here, the Court assumes without deciding that Simmons' claims—that Davis suffered from asthma and ultimately died from improper medical treatment—are similar enough to *Carlson* to proceed to determine whether she has stated a claim of deliberate indifference to Davis' serious medical needs.

### B. As Dr. Li did not act with deliberate indifference, he is entitled to qualified immunity.

To prevail on a claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show: (1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury. *See Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010); *Mann v. Taser Int'l., Inc.*, 588 F.3d 1291, 1306–

5

07 (11th Cir. 2009). To prove that an official acted with deliberate indifference, the plaintiff must show that the official (1) had subjective knowledge of a risk of serious harm, (2) disregarded the risk, and (3) displayed conduct beyond negligence.[4] *Gilmore v. Hodges*, 738 F.3d 266, 274 (11th Cir. 2013).

"[T]he deliberate indifference standard . . . is far more onerous than normal tort-based standards of conduct sounding in negligence, and is in fact akin to subjective recklessness as used in the criminal law." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (quotations omitted). As a result, medical treatment violates the Eighth Amendment "only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* (quotations omitted). On the one hand, "[w]hen the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). But, on the other hand, evidence of negligence "in diagnosing or treating a medical condition" or a showing of medical malpractice does not establish deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

---

[4] Whether an inmate must prove a prison official acted with "more than gross negligence" or "more than mere negligence" remains an open question in the Eleventh Circuit. *See, e.g., Wade v. McDade*, 67 F.4th 1363, 1378 (11th Cir.), *reh'g en banc granted, opinion vacated sub nom. Wade v. Georgia Corr. Health, LLC*, 83 F.4th 1332 (11th Cir. 2023). Here, the Court will apply the "more than mere negligence" standard.

This means that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Hoffer*, 973 F.3d at 1272 (quotations omitted).

Here, Simmons has established that Davis' asthma diagnosis was a serious medical condition. However, Simmons allegations that Dr. Li failed to provide medical treatment and delayed ordering Davis to be transported to a local hospital until his symptoms related to his asthma had worsened do not rise to the level of deliberate indifference.

As an initial matter, the amended complaint does not state that Dr. Li was the treating physician when Davis presented to the prison medical facility in the days leading up to his ultimate hospitalization. The complaint is sparse on details regarding dates and times that Davis presented to medical staff. (Doc. 13 ¶¶ 16–19). Furthermore, Davis was ultimately sent to the hospital on February 18, 2020, when it was determined that his symptoms warranted so. (*Id.* ¶ 20). Additionally, Simmons alleges that Davis was diagnosed with pneumonia three days prior to being transported to the hospital, undermining her argument that Davis received no care at all. (*Id.*) Finally, Simmons alleges that "Davis complained of shortness of breath and asked for treatment." (*Id.* ¶ 16). She then states that Dr. Li was "aware of the severe asthma attack." (*Id.* ¶19). Simmons, however, fails to establish how

Davis' complaints of shortness of breath put Dr. Li or other medical staff on notice that Davis was suffering from a severe asthma attack.

Accordingly, where Davis did receive treatment but Simmons complains of the adequacy of the treatment Davis received, Simmons has failed to state a claim of deliberate indifference. At most, Simmons has established medical negligence, which is not cognizable under *Bivens*. *See Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle*, 429 U.S. at 107)). Therefore, Dr. Li is entitled to qualified immunity, and this action is due to be dismissed. *See Youmans v. Gagnon*, 626 F.3d 557, 562 (11th Cir. 2010) (Qualified immunity "protect[s] government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").

**IV.   Conclusion**

Because Simmons has failed to establish that Dr. Li was deliberately indifferent to Davis' serious medical needs, Dr. Li is entitled to qualified immunity. Therefore, Dr. Li's motion to dismiss (Doc. 38) is **GRANTED**. The Clerk

is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Orlando, Florida on February 16, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record